

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-67,880-03 & WR-67,880-04

## EX PARTE LUCKY JOHN LUNA, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. F-0231777-VQ & F-0500345-KQ
## IN THE 204TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of aggravated sexual assault and sexual assault. After a sentencing hearing before the judge, he was sentenced to fifteen and ten years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *Luna v. State*, Nos. 05-05-00678-CR & 05-05-00679-CR (Tex. App.–Dallas February 16, 2006).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance at the sentencing hearing by failing to challenge lay-witness testimony, by eliciting extraneous

offense testimony, and by failing to adequately advise and counsel Applicant.

After a writ hearing where trial counsel testified, the trial court has determined that trial counsel's performance was deficient and that such deficient performance prejudiced Applicant. Based on the trial court's determination and our own independent review, relief is granted. The sentences in Cause Nos. F-0231777-VQ & F-0500345-KQ in the 204th District Court of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas to have new sentencing proceedings. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 15, 2014
Do not publish